Michael R. Crosner (Bar No. 41299)
mike@crosnerlegal.com
Zachary M. Crosner (Bar No. 272295)
zach@crosnerlegal.com
Blake R. Jones (Bar No. 211221)
blake@crosnerlegal.com
**CROSNER LEGAL, PC**
9440 Santa Monica Blvd., Ste. 301
Beverly Hills, CA 90210
Tel: (310) 496-5818
Fax: (310) 510-6429

Attorneys for MAGGIE BLAND, on
behalf of herself and all others similarly
situated

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| MAGGIE BLAND, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br> v.<br><br>MARIN AIRPORTER, a California corporation; LAWRENCE LEPORTE, an individual; and DOES 1-100,<br><br>        Defendants. | Case No.:  4:21-cv-01689-YGR<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>1.  **Failure to Pay Minimum Wage for All Hours Worked [Labor Code §§ 1194 And 1197]**<br><br>2.  **Failure to Pay Wages for All Hours Worked at Overtime [Labor Code §§ 226.2, 510, 1194, And 1198]**<br><br>3.  **Failure to Provide Adequate Seating [IWC Wage Orders]**<br><br>4.  **Failure to Provide Complete and Accurate Wage Statements [Labor Code § 226]**<br><br>5.  **Failure to Pay All Wages Timely Upon Separation of Employment [Labor Code §§ 201, 202, And** |

203]

6.      Unfair Business Practices [Bus. & Prof. Code §§ 17200, Et Seq.]

7.      Violation of the Private Attorneys General Act [Labor Code §§ 2698, *et seq.*]

**DEMAND FOR JURY TRIAL**

## GENERAL ALLEGATIONS

1.      Plaintiff MAGGIE BLAND ("Plaintiff") is an individual residing in the State of California. Plaintiff and the Class Members, as set forth below, are all current and former non-exempt employees employed by Defendants in the State of California, at any time beginning four years before the filing of this Complaint (the "Class Period").

2.      Defendant MARIN AIRPORTER is a California corporation, that, at all relevant times, was authorized to do business within the State of California and is doing business in the State of California.

3.      Defendant LAWRENCE LEPORTE is an individual residing in the State of California and is, and at all relevant times has been, the CEO of Defendants MARIN AIRPORTER, and had direct control and power over the working conditions and the violations at issue in this Complaint (LAWRENCE LEPORTE and MARIN AIRPORTER. are collectively referred to herein as "Defendants").

4.      On information and belief, Defendants LAWRENCE LEPORTE devised and implemented the policies at issue in this complaint and "caused" these violations as that term is used in Labor Code §§ 558 and 1197.l. Pursuant to Labor code §§558 and 1197.1, LAWRENCE LEPORTE is liable as a person who "caused" the violations to occur.

5.      Plaintiff is unaware of the names and capacities of those Defendants sued as DOES 1 through 100 but will amend this complaint when that information becomes

known.  Plaintiff is informed and believes and thereon alleges that, at all relevant times, each of the defendants, including the DOE defendants, was the officer, director, employee, agent, representative, alter ego, or co-conspirator of each of the other defendants, and in engaging in the conduct alleged herein, was acting in the course and scope of, and in furtherance of, such relationship.  Unless otherwise specified, Plaintiff will refer to all Defendants as "Defendants," and each allegation pertains to each Defendant.

6.      Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, coconspirators, parent corporation, joint employers, alter egos, successors, and/or joint ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, successor status and/or joint venture and with the permission and consent of each of the other Defendants.

7.      Whenever and wherever reference is made in this complaint to any act or failure to act by a Defendants or co-Defendants, such allegations and references shall also be deemed to mean the acts and/or failures to act by each Defendants acting individually, jointly and severally.

## JURISDICTION AND VENUE

8.  This Court has jurisdiction over the claims asserted herein as Defendants employed Plaintiff and the class members in this District, specifically, within Marin County, and at least some of the conduct complained of herein occurred in this District.

## FACTUAL BACKGROUND

9.      Plaintiff resides in the County of Marin. Plaintiff worked for Defendants as a non-exempt employee with a job title of cashier from approximately October 2019 through November 2019. During the Class Period, Defendants employed the

Class Members, including Plaintiff, on an hourly basis.

10.     During the Class Period, Plaintiff and the Class Members were required to work by themselves without relief from another employee. This policy and practice of requiring Plaintiff and the Class Members to work through their shift without relief lead to an undercounting of Plaintiff and the Class Member's total hours worked. Defendants used a rounding system that, as applied, worked to detrimentally shave and round time off from Plaintiff and Class Member's workdays.  Plaintiff alleges on information and belief that through the operation of Defendants' rounding system, Plaintiff and the Class Members would systematically be deprived of compensable time because the time recording system implemented by Defendants would almost always, if not always, understate actual compensable work time due to the rounding. This time shaving, implemented by and through Defendants' unlawful rounding policies and/or procedures, resulted in not only time recordkeeping violations but also violations of California's minimum and overtime wage laws.

11.     Besides Defendants' practice of rounding Plaintiff's and the Class Members' total hours worked, Defendants maintained a practice of paying Plaintiff and the Class Members only for their scheduled hours, not total hours worked. Plaintiff and the Class Members would systematically be deprived of compensable time because the system implemented by Defendants would almost always, if not always, understate actual compensable work time due to only counting time scheduled to work, not actual hours worked, by Plaintiff and Class Members.  This systemic undercounting resulted in not only time recordkeeping violations but also violations of California's minimum and overtime wage laws.

12.     Defendants regularly scheduled Plaintiff to work four shifts per workweek each lasting ten hours. Defendants did not pay Plaintiff overtime and double time wages during these shifts for any work performed in excess of eight hours. Defendants failed to properly adopt an alternative workweek election pursuant

to Labor Code §511 and the IWC Wage Order(s) applicable to these shifts, and as a result, Defendants significantly underpaid Plaintiff her overtime wages owed.

13.    Upon information and belief, during the Class Period, Defendants routinely failed to maintain records showing accurate and complete records if and when meal periods were taken, as well as accurate and complete start and stop times for shifts. As a result, during the Class Period, Defendants failed to maintain time records as required by California Labor Code Sections 1174, 1174.5, 1199, and the pertinent wage order.

14.    During the Class Period, Plaintiff and the Class Members regularly had to remain on duty during meal breaks on many occasions because of pressure from supervisors and lack of relief.

15.    During the Class Period, Defendants failed to provide Plaintiff and the Class Members with accurate, itemized wage statements in compliance with California law. As a result of Defendants' failure to pay Plaintiff for all hours worked, Defendants' wage statements completely failed to accurately and properly itemize total hours worked, gross and net pay, and all applicable hourly rates in effect.

16.    As a result of Defendants' failure to pay Plaintiff and the Class Members for all hours worked, Defendants failed to timely pay all wage that were due and owing to Plaintiff and the Class Members, including upon separation of employment.

17.    Plaintiff and the Class Members were required to be on her feet all day and was not provided any seating as a cashier or otherwise by Defendants, even though her position would have permitted it.

18.    Plaintiff alleges based on information and belief that, in evaluating Plaintiff and the Class Members for employment, Defendants procured or caused to be prepared background reports or "checks." These purported disclosures do not meet the requirements under law because they are embedded with extraneous information,

including, but not limited to, a drug and alcohol testing disclosure/consent form, and do not constitute a clear and unambiguous disclosure in a stand-alone document.

### CLASS ACTION ALLEGATIONS

19.    Plaintiff brings this action on behalf of herself and all others similarly situated as a class action pursuant to Code of Civil Procedure section 382. The Class Plaintiff seeks to represent is defined as follows: "All current and former non-exempt employees employed by Defendants in the State of California, at any time beginning four years before the filing of this Complaint" (the "Class Members").

20.    There is a well-defined community of interest in the litigation and the class is ascertainable.

21.    **Numerosity:** While the exact number of class members is unknown to Plaintiff at this time, Plaintiff is informed and believes the class consists of at least one hundred individuals. As such, the Plaintiff classes are so numerous that the individual joinder of all members is impractical under the circumstances of this case.

22.    **Common Questions of Law and Fact:** This lawsuit is suitable for class treatment because common questions of law and fact predominate over individual issues. Common questions include, but are not limited to, the following:

(a) Whether Defendants failed to pay Class Members for all hours worked, including all regular and overtime hours as required by California law;

(b) Whether Defendants failed to pay Class Members minimum wages as required by California law;

(c) Whether Defendants failed to provide Class Members with accurate itemized wages statements as required by Labor Code section 226;

(d) Whether Defendants violated California Labor Code section 226.7, as well as the applicable Wage Order, by failing to provide Class Members with required rest periods or paying rest period premiums for missed rest periods;

(e) Whether Defendants failed to provide all Class Members adequate seating as required by IWC Wage Orders;

(f) Whether Class Members are entitled to unpaid wages, penalties, and other relief pursuant to their claims;

(g) Whether, as a consequence of Defendants' unlawful conduct, the Class Members are entitled to restitution, and/or equitable relief;

(h) Whether Defendants' affirmative defenses, if any, raise any common issues of law or fact as to Plaintiff and as to the Class Members as a whole;

(i) Whether Defendants timely paid all wages that were due and owing to Class Members, including upon separation of employment; and,

(j) Whether Defendants committed unlawful business acts or practice within the meaning of Business and Professions Code section 17200 *et seq.*

23.   **Typicality:** Plaintiff's claims are typical of the claims of the Class Members. Plaintiff and all Class Members sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of laws and regulations that have the force and effect of law and statutes as alleged. Plaintiff was subjected to the same uniform policies and practices complained of herein that affected all such employees. Thus, as Plaintiff was subjected to the same unlawful policies and practices as all Class Members, her claims are typical of the class she seeks to represent.

24.   **Adequacy of Representation:** Plaintiff will fairly and adequately protect the interests of the Class Members.  Plaintiff has no interest that is adverse to the interests of the other Class Members.

25.   **Superiority:**  A class action is superior to other available means for the fair and efficient adjudication of this controversy since individual joinder of all members of the class is impractical. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum

simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Furthermore, as the damages suffered by each individual member of the class may be relatively small, the expenses and burden of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action. The cost to the court system of adjudication of such individualized litigation would be substantial. Individualized litigation would also present the potential for inconsistent or contradictory judgments. Finally, the alternative of filing a claim with the California Labor Commissioner is not superior, given the lack of discovery in such proceedings, the fact that there are fewer available remedies, and the losing party has the right to a trial de novo in the Superior Court.

26.    **Public Policy Consideration:** Employers throughout the state violate wage and hour laws. Current employees often are afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees fear bringing actions because they perceive their former employers can blacklist them in their future endeavors with negative references and by other means. Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for vindication of their rights.

**FIRST CAUSE OF ACTION**
**FAILURE TO PAY WAGES FOR ALL HOURS OF WORK AT THE LEGAL MINIMUM WAGE RATE IN VIOLATION OF LABOR CODE SECTIONS 226.2, 510, 1194, 1197, 1198**
**(As Against Defendants and DOE Defendants by the Class)**

27.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

28.    Pursuant to Labor Code sections 1194, 1197, 1197.1 and Wage Orders, Plaintiff

and the Class Members are entitled to receive wages for all hours worked, i.e., all time subject to Defendants' control, and those wages must be paid at least at the minimum wage rate in effect during the time the employees earned the wages.

29.    Labor Code § 226.2. Labor Code Section 226.2 provides formula for calculating an employee's "regular rate" for purposes of paying rest periods.

30.    Specifically, Labor Code Section 226.2 provides, in relevant part:

> (3)(A) Employees shall be compensated for rest and recovery periods at a regular hourly rate that is no less than the higher of:
>
> (i) An average hourly rate determined by dividing the total compensation for the workweek, exclusive of compensation for rest and recovery periods and any premium compensation for overtime, by the total hours worked during the workweek, exclusive of rest and recovery periods.
>
> (ii)  The applicable minimum wage.

31.    Defendants' payroll policies and procedures required Plaintiff and the Class Members to be engaged, suffered, or permitted to work without being paid wages for all the time in which they were subject to Defendants' control. During the Class Period, Defendants failed to pay Plaintiff and the Class Members for each hour worked due to their time-rounding system and Defendants' policy of paying Plaintiff and Class Members only for their scheduled hours rather than total hours worked.

32.    As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered damages in an amount subject to proof, to the extent that they were not paid wages at a minimum wage rate for all hours worked.

33.    Pursuant to California Labor Code Sections 1194 and 1194.2, Plaintiff and the

Class Members are entitled to recover unpaid minimum wages, interest thereon, liquidated damages in the amount of their unpaid minimum wage, and attorney's fees and costs

**SECOND CAUSE OF ACTION**
**FAILURE TO PAY WAGES FOR ALL HOURS WORKED AT OVERTIME IN VIOLATION OF LABOR CODE SECTIONS 510, 1194, 1197 and 1198**
**(As Against Defendants and DOE Defendants by the Class)**

34.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

35.    It is unlawful under California law for an employer to suffer or permit an employee to work in excess of eight hours per workday or 40 hours per workweek without paying premium wages under California Labor Code § 510 and IWC Wage Order 9 § 3. Employees who work more than 12 hours per day are entitled to an overtime premium of twice their regular rate of pay. *Id.* It is also unlawful under California law for an employer to suffer or permit an employee to work in excess of 30 hours per workweek or six hours per day during any seven-day workweek under Labor Code §§550-556, or to suffer or permit an employee to work on the seventh day of a seven-day workweek without paying premium wages under California Labor Code §510 and IWC Wage Order 9 § 3.

36.    California Labor Code §1198 makes employment of an employee for longer hours than the IWC sets or under conditions the IWC prohibits unlawful. California Labor Code §1194(a) entitles an employee to recover in a civil action the unpaid balance of all overtime compensation due but not paid.

37.    Labor Code §511(a) states in pertinent part: "Upon the proposal of an employer, the employees of an employer may adopt a regularly scheduled alternative workweek that authorizes work by the affected employees for no longer than 10 hours per day within a 40-hour workweek without the payment to the affected employees

of an overtime rate of compensation pursuant to this section. A proposal to adopt an alternative workweek schedule shall be deemed adopted only if it receives approval in a secret ballot election by at least two-thirds of affected employees in a readily identifiable work unit. The regularly scheduled alternative workweek proposed by an employer for adoption by employees may be a single work schedule that would become the standard schedule for workers in the work unit, or a menu of work schedule options, from which each employee in the unit would be entitled to choose."

38.    Labor Code §511(e) states: "The results of any election conducted pursuant to this section shall be reported by an employer to the Division of Labor Standards Enforcement within 30 days after the results are final."

39.    Labor Code §511(b) states in pertinent part: "An affected employee working longer than eight hours but not more than 12 hours in a day pursuant to an alternative workweek schedule adopted pursuant to this section shall be paid an overtime rate of compensation of no less than one and one-half times the regular rate of pay of the employee for any work in excess of the regularly scheduled hours established by the alternative workweek agreement and for any work in excess of 40 hours per week. An overtime rate of compensation of no less than double the regular rate of pay of the employee shall be paid for any work in excess of 12 hours per day and for any work in excess of eight hours on those days worked beyond the regularly scheduled workdays established by the alternative workweek agreement."

40.    Defendants scheduled Plaintiff and the Class Members to work using an alternative workweek schedule of four 10 hour shifts per week ("4/10"), yet failed to comply with the requirements set forth in Labor Code §511 and the IWC Wage Order(s) for legal alternative workweek schedules with regard to Plaintiff and the class members. As such, Defendants failed to pay Plaintiff and the Class Members legal overtime compensation for all work accomplished in excess of eight (8) hours per day and/or forty (40) hours per week.

41.    Further, as alleged herein, Plaintiff and the Class Members were subjected to unlawful time rounding policy, and were required to perform off-the-clock work for which they were not compensated, resulting in unpaid overtime premiums.

42.    Based on the foregoing, Plaintiff is informed and believes, and thereon alleges, that during all times mentioned herein Defendants required, allowed, suffered, and/or permitted Plaintiff and Class Members to engage in a variety of uncompensated work resulting in lost overtime and double time wages in accordance with the provisions of California Labor Code Sections 510, 550-556, 1194(a), 1198 and Section 3 of the Industrial Welfare Commission Wage Order 4 and/or any other applicable Wage Order.

43.    As such, Plaintiff, individually and on behalf of Class Members, may bring this action for overtime and double time wages, interest, costs of suit, and attorneys' fees pursuant to California Labor Code Sections 1194(a) and 218.5.

### THIRD CAUSE OF ACTION
### FAILURE TO PROVIDE SUITABLE SEATING
### (As Against Defendants and DOE Defendants by the Class)

44.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

45.    The California Labor Code provides that employees shall be provided with suitable seats when the nature of the work reasonably permits the use of seats and when they are not engaged in the active work duties that would not permit them to be seated. Defendants' failure, *inter alia*, to provide any seating for Plaintiff and similarly situated aggrieved employees constitutes violations of set the Labor Code and Wage Orders.

46.    Under Labor Code Section 1198, Plaintiff and the similarly situated employees who no longer are employed with Defendants are entitled to recover the civil penalty is $100 for each similarly situated employee per pay period for the initial violation,

and $200 for each similarly situated employee per pay period for each subsequent violation for the 12 months prior to filing a lawsuit, plus attorney's fees and cost.

### FOURTH CAUSE OF ACTION
### FAILURE TO PROVIDE COMPLETE AND ACCURATE WAGE STATEMENTS IN VIOLATION OF LABOR CODE SECTION 226
### (As Against Defendants and DOE Defendants by the Class)

47.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

48.     During the Class Period, Plaintiff and the Class Members were non-exempt employees who performed work for Defendants that was covered by California Labor Code section 226.

49.     Pursuant to California Labor Code section 226, subdivision (a), Plaintiff and the other members of the class were entitled to receive, semimonthly or at the time of each payment of wages, an itemized wage statement accurately stating the following:

> (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and her or his social security number, except that by January 1, 2008, only the last four digits of her or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

50.     As a result of Defendants' failure to compensate Plaintiff and the Class

Members for all hours worked and all one hour premium wages owed for missed, late, interrupted or on-duty meal and rest periods, Defendants intentionally failed to provide Plaintiff and the Class with accurate wage statements in compliance with Labor Code section 226, including, but not limited to, failing to identify or include on the wage statement (1) the total hours worked, (2) the overtime hours worked, (3) the proper applicable rates of pay, and (4) the correct gross wages earned.

51.     As a result of Defendants' unlawful conduct, Plaintiff and the Class Members have suffered injury. The absence of accurate information on their wage statements has prevented earlier challenges to Defendants' unlawful pay practices, will require discovery and mathematical computations to determine the amount of wages owed, and will cause difficulty and expense in attempting to reconstruct time and pay records. Defendants' conduct led to the submission of inaccurate information about wages and amounts deducted from wages to state and federal government agencies. As a result, Plaintiff and the Class Members are required to participate in this lawsuit and create more difficulty and expense for Plaintiff and the Class Members from having to reconstruct time and pay records than if Defendants had complied with its legal obligations.

52.     Pursuant to California Labor Code section 226(e), Plaintiff and the Class Members are entitled to recover fifty dollars per employee for the initial pay period in which a Section 226 violation occurred and one hundred dollars per employee per violation for each subsequent pay period, not to exceed an aggregate penalty of four thousand dollars per employee.

53.     Pursuant to California Labor Code Section 226(h), Plaintiff and the Class Members are entitled to bring an action for injunctive relief to ensure Defendants' compliance with California Labor Code section 226(a). Injunctive relief is warranted because Defendants continues to provide currently employed Class Members with inaccurate wage statements in violation of California Labor Code section 226(a) and

currently employed Class Members have no adequate legal remedy for the continuing injuries that will be suffered as a result of Defendants' ongoing unlawful conduct. Injunctive relief is the only remedy available for ensuring Defendants' compliance with California Labor Code section 226(a).

54.     Pursuant to California Labor Code sections 226(e) and 226(h), Plaintiff and the Class Members are entitled to recover the full amount of penalties due under Section 226(e), reasonable attorneys' fees, and costs of suit.

**FIFTH CAUSE OF ACTION**
**FAILURE TO PAY ALL WAGES TIMELY UOPN SEPARATION OF EMPLOYMENT IN VIOLATION OF LABOR CODE SECTIONS 201, 202, and 203**
**(As Against Defendants and DOE Defendants by the Class)**

55.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

56.     During the Class Period, Plaintiff and the Class Members were non-employees who performed work for Defendants that was covered by California Labor Code sections 201 or 202.

57.     Pursuant to California Labor Code sections 201 and 202, Plaintiff and the Class Members were entitled upon termination to timely payment of all wages earned and unpaid prior to termination. Discharged employees were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination. Employees who resigned were entitled to payment of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid prior to resignation at the time or resignation.

58.     As a result of Defendants' failure to compensate Plaintiff and the Class

Members for all hours worked, Defendants failed to timely pay Plaintiff and the Class Members all wages earned and unpaid upon separation of employment, in accordance with California Labor Code sections 201, 202, and 203.

59.     Defendants' failure to pay Plaintiff and the Class Members all wages earned prior to separation of employment timely in accordance with California Labor Code sections 201, 202, and 203 was willful. Defendants had the ability to pay all wages earned by non-employees prior to separation of employment in accordance with California Labor Code sections 201, 202, 203, but intentionally adopted policies or practices incompatible with the requirements of California Labor Code sections 201, 202, and 203. As a result of Defendants' conduct, Plaintiff and the Class Members have suffered injuries.

60.     Pursuant to California Labor Code section 203, Plaintiff and the Class Members are entitled to continuation of their wages, from the day their earned and unpaid wages were due upon separation until paid, up to a maximum of 30 days.

**SIXTH CAUSE OF ACTION**
**UNFAIR BUSINESS PRACTICES IN VIOLATION OF CALIFORNIA**
**BUSINESS AND PROFESSIONS CODE SECTION 17200, *ET SEQ.***
**(As Against Defendants and DOE Defendants by the Class)**

61.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

62.     The unlawful conduct of Defendants alleged herein constitutes unfair competition within the meaning of California Business and Professions Code Section 17200.  This unfair conduct includes Defendants' use of policies and procedures which resulted in: failure to pay minimum and overtime wages; conducting unlawful background checks; failure to provide accurate wage and hour statements; and failure to pay all wages due upon termination. Due to its unfair and unlawful business practices in violation of the California Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the State

of California that comply with their obligations to provide accurate wage and hour statements, to pay minimum and overtime wages, and to provide all wages due and owing upon separation of employment of their employees.

63.    As a result of Defendants' unfair competition as alleged herein, Plaintiff and the Class Members have suffered injury in fact and lost money or property, as described in more detail above. Pursuant to California Business and Professions Code Section 17203, Plaintiff and Class Members are entitled to restitution of all wages and other monies rightfully belonging to them that Defendants failed to pay and wrongfully retained by means of its unlawful and unfair business practices.  Plaintiff also seeks an injunction against Defendants on behalf of the Class Members enjoining Defendants, and any and all persons acting in concert with it, from engaging in each of the unlawful practices, policies and patterns set forth herein.

### SEVENTH CAUSE OF ACTION
### VIOLATION OF THE PRIVATE ATTORNEYS GENERAL ACT
### LABOR CODE §§ 2698, ET SEQ.
### (Against All Defendants and Doe Defendants by the Class)

64.    Plaintiff hereby incorporates by reference to all the allegations contained in this Complaint as if fully alleged herein.

65.    Plaintiff is an "Aggrieved Employee" under PAGA, as she was employed by Defendants during the applicable statutory limitations period and suffered one or more of the Labor Code violations set forth herein. Accordingly, Plaintiff seeks to recover on behalf of herself and all other current and former Aggrieved Employees, the civil penalties provided by PAGA, plus reasonable attorney's fees and costs.

66.    Plaintiff seeks to recover the PAGA civil penalties through a representative action permitted by PAGA and the California Supreme Court in *Arias v. Superior Court*, 46 Cal. 4th 969(2009). Therefore, class certification of the PAGA claims is not required.

67.     During the approximate 1 year and 65 day time period prior to filing this Complaint, Defendants violated the California Labor Code sections discussed herein. Defendants further failed to provide paid sick leave or improperly accrued the amount of sick leave pay owed the Aggrieved Employees for failure to base the owed sick leave pay on the correct number of hours worked in violation of Labor Code Sections 245-248.5.   Based on information and belief, Defendants failed to provide notice of the correct sick leave amount balance available to the Aggrieved Employees in violation of Labor Code Section 2810.5. Therefore, the provisions of the California Labor Code that Employer has violated include, but are not limited to, Labor Code sections 201, 202, 203, 204, 216, 221-223, 226, 226.8, 245, 246, 247, 248, 248.5, 432.5, 432.7, 510, 511,, 558, 558.1, 1024.5, 1174, 1194, 1197, 1198, 1199, 2810.5 and all applicable IWC Wage Orders. These violations subject Employer to civil penalties as set forth in (1) the foregoing statutes, (2) Labor Code sections 203, 210, 225.5, 226.3, 256, 558, 558.1, 1174.5, 1194.2, 1197.1, and 2699, and (3) IWC Wage Order 13-2001 (and all applicable wage orders), section 20, as well as all interpretations of these laws by California Courts and administrative bodies, as well as any other law that is enforceable through PAGA, Defendants are liable for the following penalties:

(i)     All statutorily specified penalties recoverable under PAGA as enumerated in the relevant California Labor Code provisions listed herein only if permitted by the PAGA statute; and

(ii)    Default PAGA penalties for any violation of the enumerated list of Labor Code violations without a civil penalty recoverable under the PAGA, all in the default amounts provided by Labor Code Section 2699(f).

68.     The proper measure of penalties under PAGA is the number of violations, whether those violations were committed as against Plaintiff Bland or any Aggrieved Employee, whether a party to this action or not. Further, as a PAGA

action, this claim need not be certified as a class action to proceed with a company-wide recovery. See Arias v. Superior Court, 46 Cal. 4th 969, 970-75 (2009).

69.    Pursuant to Labor Code § 2699(g), and/or any and all other applicable laws, Plaintiff Bland is entitled to recover civil penalties, costs, and attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief and judgment as follows on behalf of herself and all aggrieved similarly situated employees:

1.    For compensatory damages according to proof;

2.    For an order requiring Defendants to make restitution of all amounts wrongfully withheld from Plaintiff and the Class Members;

3.    For restitution of all monies due Plaintiff and Class Members;

4.    For disgorgement of all profits garnered as a result of Defendants' unlawful practices;

5.    For all penalties allowed by law;

6.    For pre-judgment and post-judgment interest as permitted by law;

7.    An award of civil penalties for and on behalf of Plaintiff and all similarly situated aggrieved employees pursuant to PAGA;

8.    For reasonable attorney's fees and costs of suit; and

9.    For such other and further relief as the Court deems just and proper.

Dated:  April 28, 2021                    Respectfully submitted,
                                          **CROSNER LEGAL, PC**


                                          By: _____
                                              Zachary M. Crosner, Esq.
                                              Michael R. Crosner, Esq.
                                              Blake R. Jones, Esq.
                                              Attorneys for Plaintiff
                                              MAGGIE BLAND

## **DEMAND FOR JURY TRIAL**

Plaintiff MAGGIE BLAND demands a trial on all claims so triable.

Dated:  April 28, 2021

Respectfully submitted,

**CROSNER LEGAL, PC**

By: _____

Zachary M. Crosner, Esq.
Michael R. Crosner, Esq.
Blake R. Jones, Esq.
Attorneys for Plaintiff
MAGGIE BLAND

1
2

PROOF OF SERVICE
*MAGGIE BLAND vs. MARIN AIRPORTER, et al.*
*NORTHERN DISTRICT COURT Case No. 4:21-cv-01689-DMR*

3
4
5

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California.  My business address is 9440 Santa Monica Blvd., Ste. 301, Beverly Hills, CA 90210.

6
7

On April 28, 2021, I served true copies of the following document(s) described as

8
9
10

**FIRST AMENDED CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**
on the interested parties in this action as follows:

11

SEE ATTACHED SERVICE LIST

12
13
14

☒    With the Clerk of the United States District Court of California, using the CM/ECF System. The Court's CM/ECF System will send an e-mail notification of the foregoing filing to the parties and counsel of record who are registered with the Court's CM/ECF System.

15
16
17

☒    BY (Federal) I declare under penalty of perjury under the laws of the State of California and under the laws of the United States of America that the above is true and correct.

18

Executed on April 28, 2021, at Los Angeles, California.

19
20
21

_____
Maria Monterrey

22
23
24
25
26
27
28

**PROOF OF SERVICE**

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SERVICE LIST
*MAGGIE BLAND vs. MARIN AIRPORTER, A CALIFORNIA CORPORATION. et al.*
*NORTHERN DISTRICT COURT Case No. 4:21-cv-01689-DMR*


Kyle L. Schriner, Esq.                          Attorneys for Defendant
**SCHRINER LAW FIRM, PC**                        MARIN AIRPORTER, A
1936 University Ave. Ste. 110                    CALIFORNIA CORPORATION
Berkeley, CA 94704                               LAWRENCE LEPORTE
Tel: (415) 321-4924
Email: kyle@schrinerlaw.com

**PROOF OF SERVICE**