UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MAGGIE BLAND,**<br>Plaintiff,<br>vs.<br>**MARIN AIRPORTER,**<br>Defendant. | CASE NO. 21-cv-01689-YGR<br><br>**ORDER GRANTING MOTION TO REMAND AND DENYING MOTION TO DISMISS AS MOOT**<br><br>Re: Dkt. Nos. 32, 34 |

On December 14, 2020, plaintiff filed this action in Marin County Superior Court. Defendant removed the case to federal court on March 10, 2021. (Dkt. No. 1.) On May 18, 2021, defendant filed a motion to dismiss the PAGA claim and to strike the PAGA allegations. (Dkt. No. 32.) On May 19, 2021, plaintiff filed a motion to remand based on the lack of subject matter jurisdiction. (Dkt. No. 34.) Having carefully considered the briefing and arguments submitted on the motion, and for the reasons stated on the record at the June 29, 2021 hearing, the Court **GRANTS** plaintiff's motion to remand the case to state court and **DENIES AS MOOT** defendant's motion to dismiss/strike.

"[S]ubject matter jurisdiction depends only on the named plaintiffs." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 941 (9th Cir. 2001) (examining only the claims of named class plaintiffs for purposes of the amount-in-controversy requirement in diversity class actions). Here, plaintiff is a cashier. The hours-of-service regulations promulgated by the Federal Motor Carrier Safety Administration, which was the basis for removal, do not cover plaintiff's claims. On that basis alone, remand is appropriate. The Court also notes that even if she were a driver, it is not clear that defendant could articulate how the drivers are engaging in interstate commerce given the local nature of their work.

The Clerk of the Court is directed to **REMAND** the case to the Marin County Superior Court and close the file.

**IT IS SO ORDERED.**

Dated: July 2, 2021

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**